UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

ROBERT BETANCOURT,                                                  Case no. 19-11818-t7

    Debtor.

# **OPINION**

Before the Court is a special counsel's fee application, seeking approval of a contingent fee earned by successfully avoiding a transfer of real estate. The U.S. Trustee's office objected to the application, arguing that the Court did not pre-approve the contingent fee when counsel was employed, and that under a "reasonableness review" the fee is too high. Special counsel disagrees; he asserts that the Court pre-approved the contingent fee, so a reasonableness review is not permitted. The Court finds that it pre-approved the contingent fee arrangement, so it would be improper to conduct a reasonableness review. In the Alternative, the Court holds that the fee is reasonable.

A.     Facts.[1]

Debtor filed this case on August 5, 2019. On February 25, 2020, the Court converted the case from chapter 11 to chapter 7. Philip Montoya was appointed the chapter 7 trustee (the "Trustee"). Debtor's Amended Statement of Financial Affairs disclosed a pre-petition transfer of real property in Del Rio, Texas to Debtor's girlfriend, Karen Ballew, in consideration of accounting services she performed for Debtor's business(es).

---

[1] The Court takes judicial notice of its docket in this case. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket).

The Trustee thought the transfer to Ms. Ballew could be avoided because none of the work she did was for Debtor. The bankruptcy estate had no cash, however, and the Trustee's general bankruptcy counsel declined to take the case on a contingent fee. The Trustee asked attorney Nephi Hardman to take the case on a contingent fee. Hardman agreed.

On June 26, 2020, Hardman filed an application to be employed as special counsel. Attached to the application is Hardman's engagement letter was attached. The engagement letter states that "[t]he Firm's fees will be one third of the gross amount recovered by avoiding the Transfer." The application states that The Trustee desires to employ Applicant on a contingency fee basis. The Court granted the application on July 30, 2020. The order provides:

> Upon final approval by the Court, Applicant shall receive one third of the gross amount recovered by avoiding the Transfer . . . . Upon successful avoidance of the Transfer and approval by the Court, Trustee shall also be responsible for reimbursement of all costs and gross receipts taxes incurred.

Hardman filed an adversary proceeding against Ms. Ballew on September 9, 2020.[2] She did not answer the complaint. On November 23, 2020, Hardman filed a motion to approve a settlement between the Trustee and Ms. Ballew. On January 5, 2021, the Court approved the settlement. Ms. Ballew deeded the property back to the estate the same day. In all, Mr. Hardman worked 43.4 hours on the case.

The Trustee sold the recovered property for $125,000, less costs and expenses, netting $112,507.32. Hardman then filed his fee application, stating:

> Pursuant to the terms of Attorney's engagement with the Trustee, Attorney is entitled to fees of $41,666.67 ($125,000/3) and gross receipts taxes of $3,281.25 ($41,666.67 x 0.07875). . . . Attorney has also incurred $471.40 in expenses in the course of its representation of Trustee as special counsel.

---

[2] *Montoya v. Ballew*, Adv. No. 20-01050, filed September 9, 2020.

The United States Trustee's office ("UST") objected, arguing that Hardman's attempt to obtain pre-approval of a contingent fee failed, so his requested fee must be reviewed for "reasonableness" under § 330(a)(3).[3] The UST argued that the fees Hardman seeks to collect comes out to $960 an hour, which the UST asserts is unreasonable. On February 24, 2022, the Court held a final hearing on the application.

B.  Employment and Payment of Professional Persons.

With court approval, the trustee may employ professional persons. § 327(a). Court approval is obtained by filing an employment application, Fed. R. Bankr. P. ("Rule") 2014(a), which must, inter alia, disclose "any proposed arrangement for compensation." *Id.* The trustee and professional person may obtain court approval of the proposed compensation arrangement pursuant to § 328(a), which provides in part:

> A trustee . . . with the court's approval, may employ . . . a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

"Section 328 permits attorneys to obtain prior court approval of the terms of their compensation." *In re Airspect Air, Inc.*, 385 F.3d 915, 920 (6th Cir. 2004); *see also* 3 Collier on Bankruptcy ¶ 328.01 (16th ed.) ("Section 328 provides a specific mechanism for professional persons to obtain prior court approval of the terms of their compensation"). "Under Section 328, an attorney or other professional may avoid [] uncertainty by obtaining approval of her representation and fee arrangement prior to performing the contemplated services." *Airspect*, 385 at 920-21, quoting *In re Barron*, 325 F.3d 690, 693 (5th Cir. 2003).

If "proposed arrangements for compensation" are not pre-approved by the court, then the professional person's compensation will be approved to the extent it is "reasonable . . . for actual,

---

[3] Unless otherwise indicated, all statutory references are to 11 U.S.C.

necessary services rendered." § 330(a)(1)(A). Under this "reasonableness" standard, the professional must "submit compensation requests that are subject to review in hindsight." 3 Collier on Bankruptcy ¶ 328.01. "Section 330 provides the court with the ability to declare a fee unreasonable and to independently determine reasonable fees." *In re Market Center East Retail Property, Inc.*, 730 F.3d 1239, 1246 (10th Cir. 2013).

Section 328 and 330 "inquiries are mutually exclusive, as '[t]here is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328.'" *In re Smart World Technologies, LLC*, 552 F.3d 228, 233 (2nd Cir. 2009); *Fann Contracting, Inc. v. Garman Turner Gordon LLP,* 593 B.R. 625, 631 (D. Nev. 2018) ("'Sections 328 and 330 establish a two-tiered system for judicial review and approval of the terms of a professional's retention' . . . The inquiries required by these two provisions are mutually exclusive.") *In re National Gypsum Co.*, 123 F.3d 861, 862 (5th Cir. 1997) ("The court must therefore set the compensation award either according to § 328 or § 330."); *Weintraub v. Chicago Title Co. Priority Publishing and Posting*, 9 Fed. Appx. 643, 644 (9th Cir. 2001), citing *In re B.U.M. Int'l, Inc.*, 229 F.3d 824, 829 (9th Cir. 2000) ("A bankruptcy court may not conduct a § 330 inquiry into reasonableness of fees and the benefit of services to the estate if it unambiguously approved the professional's employment agreement under § 328.").

C. <u>The Court Adopts the "Totality of the Circumstances" Standard for Determining Whether a Fee Arrangement was Pre-Approved under § 328</u>.

Here, the parties disagree about whether the Court pre-approved Hardman's contingent fee arrangement. Courts addressing the issue have used different approaches resolve the dispute. The Third Circuit held: "if the order does not expressly and unambiguously state specific terms and conditions (e.g. specific hourly rates or contingency fee arrangements) that are being approved

pursuant to the first sentence of section 328(a), then the court [is] free to apply lodestar rates[.]" *Zolfo, Cooper & Co. v. Sunbeam–Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995) (internal quotation marks omitted). Similarly, the Ninth Circuit stated, "unless a professional's retention application unambiguously specifies that it seeks approval under § 328, it is subject to review under § 330." *In re Circle K Corp.*, 279 F.3d 669, 671 (9th Cir. 2002). The court also noted that the order approving the employment must approve the fee arrangement, although it need to mention § 328. *Id.*, n. 2.

> The Sixth Circuit adopted a less stringent "totality of the circumstances" standard:
>
> We hold that whether a court "pre-approves" a fee arrangement under § 328 should be judged by the totality of the circumstances, looking at both the application and the bankruptcy court's order. Factors in the determination may include whether the debtor's motion for appointment specifically requested fee pre-approval, whether the court's order assessed the reasonableness of the fee, and whether either the order or the motion expressly invoked § 328.

*Nischwitz v. Miskovic (In re Airspect Air, Inc.)*, 385 F.3d 915, 922 (6th Cir.2004).

Under this standard, "[t]he basic question is whether the Court when approving the employment also intended to approve the proposed terms and conditions, and to displace the § 330 reasonableness standard which would otherwise apply." *In re Youngquist*, 501 B.R. 877, 894 (Bankr. D. Kan. 2013). Other relevant factors to consider when determining the totality of the circumstances include "the application, the order, and the services to be provided." *Id.*

Under the totality of the circumstances standard, the Court may consider "whether the debtor's motion for appointment specifically requested fee pre-approval, whether the court's order assessed the reasonableness of the fee, and whether either the order or the motion expressly invoked § 328." *Airspect Air*, 385 F.3d at 922.

The "totality of the circumstances" standard is fairer to professional persons and should be the prevailing standard in this district. If the totality of the circumstances indicates that the Court

pre-approved a fee arrangement, that should be good enough to make the pre-approval binding on the parties. Especially given the confusion caused by § 330 and fee applications, discussed below, there is no need for undue strictness or formalism.

D. <u>The Court Pre-Approved Hardman's Contingent Fee Arrangement Under § 328</u>.

Here, the totality of the circumstances shows the Court preapproved Hardman's contingent fee arrangement under § 328. Both the application and the order expressly invoked court approval under § 328. Hardman's employment application states, "[a]ll fees, costs and gross receipts tax to be reimbursed by the Trustee upon successful avoidance of the Transfer and sale of the Del Rio Property, would be subject to the ultimate approval of the Bankruptcy Court under 11 U.S.C. §§ 328 and 330." The order states in part that "[a]ll fees, costs, and gross receipts tax paid shall be subject to the approval of this Court under 11 U.S.C. §§ 328 and 330." The specific references to § 328 weigh in favor of finding preapproval under the totality of the circumstances.

The UST argues, however, that the employment application and order are ambiguous, and should be construed against Hardman, because they refer to *both* § 328 and § 330. There is case law support for this position. *See, e.g., Fann Contracting, Inc. v. Garman Turner Cordon LLP*, 593 B.R. 625, 632 (D. Nev. 2018); *In re B.U.M. Intern.*, 229 F.3d 824, 829 (9th Cir. 2000); *Weintraub v. Chicago Title Co. Priority Publ'g & Posting*, 9 F. App'x 643, 644 (9th Cir. 2001).

But *Fann Contracting*, *B.U.M.*, and *Weintraub* overlook an important point. There is a reason why courts and professionals cite § 330 in employment applications and orders, even when the intent is to pre-approve contingent fees under § 328(a): § 330 is the only Bankruptcy Code section governing allowance of professional fees. Thus, whether a professional is employed by the hour or on contingent fee, he must file a fee application pursuant to § 330.

Rule 2016 provides:

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.

The Advisory Committee Notes state that the Rule implements §§ 329, 330, and 504. The Historical Notes also make clear that the Rule implements § 330. Rule 2016 makes clear that if a professional person wants to get his fees allowed, he must file a fee application pursuant to § 330(a).

Because § 330 governs *all* fee applications, § 330(a)(1) provides: "After notice to the parties in interest and the United States Trustee and a hearing, *and subject to section . . . 328 . . .* the court may award to a …. professional person employed under section 327 . . . reasonable compensation . . . ." (italics added). Without the addition of the italicized language, the Code would be confusing and internally inconsistent. Because the italicized language is part of the subsection, there is no confusion. Professional persons employed under § 327 must file fee applications pursuant to § 330(a). Such applications can be, however, subject to § 328. No ambiguity is created if an employment application or order refers to § 330 when discussing fee applications, as long as other parts of the employment application and order make it clear that a contingent fee or other arrangement for compensation was pre-approved.

This interpretation of §§ 328 and 330 is reinforced by § 503(b)(2), which provides: "After notice and a hearing, there shall be allowed administrative expenses . . . including-- . . . compensation and reimbursement awarded under section 330(a) of this title." Presumably, that would include contingent fees, as there is no other part of § 503 that addresses allowing contingent fees as administrative expenses. The inference is that applications for allowance of contingent fees must be filed under § 330.

These Code sections and Rule 2016 explain why Hardman referred to § 330 in the

employment application and order he prepared, even though he clearly intended to obtain pre-approval of a contingent fee. The Court rules that the totality of circumstances show a contingent fee was pre-approved under § 328(a) and that the references to § 330 were for the limited purpose of requiring Hardman to file a fee application.

E.  The Improvident Proviso.

§ 328(a) provides in part:

> Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

Changing the pre-approved terms and conditions of employment under this "improvident proviso" is not something to be done lightly. *See, e.g., In re ASARCO, L.L.C.*, 702 F.3d 250, 257-58 (5th Cir. 2012) (citing cases holding that the improvident proviso is a "high hurdle" or "high standard").

> Section 328(a)'s establishment of such a high hurdle was no accident. Congress enacted § 328(a) to eliminate the previous uncertainty associated with professional compensation in bankruptcy proceedings, even at the risk of potentially underpaying, or, conversely, providing a windfall to, professionals retained by the estate under § 328(a).

*ASARCO*, 702 F.3d at 258, citing *In re Coho Energy Inc.*, 395 F.3d 198, 204 (5th Cir. 2004). The fact that a case turns out to be a "slam dunk," that the court did not anticipate such a substantial recovery, or that a judgment was collected with "relative ease" are not enough to invoke the improvident proviso. *Coho Energy*, 395 F.3d at 205, quoting *Barron*, 325 F.3d at 694.

The UST did not ask the Court to invoke the improvident proviso and there is no reason to do so.

F.  Hardman's Fees are Reasonable.

Even if the Court had not pre-approved Hardman's contingent fee arrangement, his fee request is reasonable. In the Tenth Circuit, courts use the "adjusted lodestar approach [] to calculate reasonable attorney's fees under 11 U.S.C. § 330." *Market Center*, 730 F.3d at 1246. The adjusted lodestar approach considers each factor specifically mentioned in § 330(a)(3) as well as relevant "*Johnson* factors."[4] *Id.* "A bankruptcy court has discretion in determining how much weight to assign each factor and in determining the reasonableness of a fee, but this discretion does not extend to disregarding facts prescribed by . . . Section 330 and our case law instruct bankruptcy courts to consider the § 330(a)(3) factors are well as relevant *Johnson* factors." *Id.* at 1250. The Court weighs the factors as follows:

| § 330(a)(3) factors: | Analysis: |
|---|---|
| (A) The time spent on such services; | Hardman spent 43.4 hours on the proceeding, or about $960 per hour. His regular hourly rate is $300. This factor weighs against finding that the fee is reasonable. |
| (B) The rates charged for such services; | A 1/3 contingency fee is standard and reasonable for contingent fee work. Lacking cash, the trustee could not pay an attorney to take the case on an hourly basis. This factor weighs in favor of finding that the fee is reasonable. |
| (C) Whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; | Hardman's services benefited the estate by bringing in real property worth $125,000. This factor weighs in favor of finding that the fee is reasonable. |
| (D) Whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; | The proceeding began and ended promptly. Within three months, Hardman filed and settled the claim against Ms. Ballew. That is very quick for litigation. This factor weighs in favor of finding that the fee is reasonable. |
| (E) With respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and | Hardman is a good, experienced bankruptcy lawyer. He has demonstrated skill and experience in the bankruptcy field. This factor weighs in favor of finding that the fee is reasonable. |

---

[4] *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

| | |
|---|---|
| (F) Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. | Working for a one-third contingency fee in situations where the client cannot pay by the hour is typical and is widely done outside of bankruptcy. This factor weighs in favor of finding the fee is reasonable |

| *Johnson* factors: | Analysis: |
|---|---|
| The time and labor required; | See the § 330(a)(3)(A) discussion above. |
| The novelty and difficulty of the questions; | The case involved recovery of a transfer using the trustee's "strong-arm" powers and state fraudulent transfer law. There was a question whether the transferee was an "insider." Overall, there were some complexities in the proceeding but it was not unduly complicated. This factor is neutral. |
| The skill requisite to perform the legal service properly; | It required skill and experience to research the facts and legal issues, draft the complaint, file the proceeding, and draft the settlement documents. This factor weighs in favor of finding that the fee is reasonable. |
| The preclusion of other employment by the attorney due to acceptance of the case; | Work in this case precluded Hardman from working on other cases. This factor weighs in favor of finding that the fee is reasonable. |
| The customary fee; | With sufficient cash in the estate, it is likely the trustee would have paid his general bankruptcy counsel by the hour to bring the proceeding against Ms. Ballew. Because the estate has no cash to pay counsel, the trustee readily agreed to a contingent fee, to be paid out of any property recovered. This factor weighs in favor of finding that the fee is reasonable. |
| Whether the fee is fixed or contingent; | The fee was a one third contingency fee. This factor shows that contingency fees can be allowed under the modified lodestar analysis. It weighs in favor of finding that the fee is reasonable. |
| Time limitations imposed by the client or the circumstances; | Other than the statutes of limitation and the need to administer the estate, there were no particular time limitations. This factor is neutral. |
| The amount involved and the results obtained; | The settlement brought $125,000, less sale costs, into the estate. This factor weighs in favor of finding that the fee is reasonable. |
| The experience, reputation, and ability of the attorneys; | See the § 330(a)(3)(E) discussion above. |

| The "undesirability" of the case; | There was some undesirability because the trustee had no cash to pay counsel. Contingent fee work is always somewhat risky. This factor weighs in favor of finding that the fee is reasonable. |
|---|---|
| The nature and length of the professional relationship with the client; and | Hardman and the trustee did not have a lengthy professional relationship. This factor weighs against finding that the fee is reasonable. |
| Awards in similar cases. | It is not unusual for chapter 7 trustees to hire counsel to pursue avoidance claims on a 1/3 contingency fee basis. This factor weighs in favor of finding that the fee is reasonable. |

Overall, the § 330(a)(3) factors and *Johnson* factors weigh in favor of finding that Hardman's proposed contingency fee is reasonable.[5] Although the fee is about three times Hardman's normal hourly rate, the customary rate for services is only one of many factors. Here, the Court gives more weight to lack of cash in the estate, the deal struck between the parties to pursue the action on a contingency fee basis, and undesirability of the case. The fact that the trustee's general bankruptcy counsel did not want to take the case is significant. The Court finds that Hardman's fees are reasonable.

CONCLUSION

The Court pre-approved Hardman's contingent fee arrangement pursuant to § 328(a) and will abide by its terms. Alternatively, under the Tenth Circuit's modified loadstar analysis, the

---

[5] Courts often find contingent fees reasonable under a § 330 review. *See, e.g., Stewart v. Sikes*, 2017 WL 6567989, at *3 (W.D. La.) (dicta); *In re On-Site Fuel Service, Inc.*, 627 B.R. 644, 660 (Bankr. S.D. Miss. 2021); *In re Chewning Frey Security, Inc.*, 328 B.R. 899, 913 (Bankr. N.D. Ga. 2005); *In re Tobis*, 2009 WL 1607574 at *7 (Bankr. N.D. Ohio 2009); *In re Gurley*, 379 B.R. 194, 200 (Bankr. M.D. Fla. 2007); *In re Adam Aircraft Industries, Inc.*, 2013 WL 414213, at *5 (Bankr. D. Colo. 2013); *In re Pearlman*, 2014 WL 1100223, at *4 (Bankr. M.D. Fla. 2014); *In re Market Center East Retail Property, Inc.*, 2014 WL 1407302, at *8 (Bankr. D.N.M.); *In re Restaurant Group, Inc.*, 2008 WL 4155533, at *4 (Bankr. N.D. Ill.); *In re First Security Mortgage Co., Inc.*, 117 B.R. 1001, 1008 (Bankr. N.D. Okla. 1990).

§ 330(a)(3) factors, and the *Johnson* factors, the Court finds that the fee is reasonable. Hardman's fee application will be granted by a separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: April 28, 2022
Copies to: counsel of record